Paul J. Hall (State Bar No. 66084)
Sarah M. Wells (State Bar No. 238417)
Krista P. Bell (State Bar No. 245884)
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, California 94111
Telephone: (415) 984-8200
Fax:  (415) 984-8300

Attorneys for Defendant
EMD SERONO, INC.

Steven G. Zieff (SBN 84222)
David A. Lowe (SBN 178811)
Kenneth J. Sugarman (SBN 195059)
John T. Mullan (SBN 221149)
RUDY, EXELROD & ZIEFF, LLP
351 California Street, Suite 700
San Francisco, CA  94104
Telephone:  (415) 434-9800
Facsimile:  (415) 434 0513
sgz@reztlaw.com
dal@reztlaw.com
kjs@reztlaw.com
jtm@reztlaw.com

Attorneys for Plaintiff
PAUL ENGEL

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| PAUL ENGEL, on behalf of himself and others similarly situated,<br><br>                    Plaintiff,<br><br>        vs.<br><br>EMD Serono, Inc.,<br><br>                    Defendant. | No. C 07 0117 CW<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER REGARDING CONDITIONAL COLLECTIVE ACTION CERTIFICATION AND *HOFFMANN-LA ROCHE* NOTICE** |

-1-

JOINT STIPULATION AND [PROPOSED] ORDER
REGARDING CONDITIONAL CERTIFICATION,
AND HOFFMANN NOTICE
CASE NO. C 07 0117 CW

10638053.1

1

2    Plaintiff has asserted, *inter alia*, claims under the Fair Labor Standards Act and contends that

3    such claims are appropriate for certification as a collective action pursuant to 29 U.S.C. § 216(b) and

4    *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 110 S. Ct. 482 (1989) ("*Hoffmann-La Roche*").

5    Defendant denies any violation of the Fair Labor Standards Act with respect to Plaintiff's claims and

6    further denies that the case should proceed to trial as a collective action.  However, recognizing that

7    the standard for conditional collective action certification at the "notice" stage is lenient, and to avoid

8    unnecessary expenditure of resources, the Parties hereby jointly stipulate to allowing *Hoffmann-*

9    *LaRoche* notice to be sent to potential collective action participants as set forth herein.  This

10   Stipulation is without prejudice to Plaintiff's right to seek equitable tolling of the FLSA statute of

11   limitations and is without prejudice to Defendant's right to oppose equitable tolling.  This Stipulation

12   is further without prejudice to Defendant's right to seek decertification of the collective action at the

13   close of discovery and/or to oppose "trial" stage certification and/or to oppose Rule 23 class

14   certification of any state law class.  The Parties respectfully request that this Court enter an order

15   approving and granting these following stipulations.

16       1.  Plaintiff's claims for violations of the Fair Labor Standards Act, and Defendant's defenses

17           thereto, are conditionally certified as an FLSA collective action pursuant to 29 U.S.C.

18           §216(b);

19       2.  For purposes of this Stipulation and Order, the term "Covered Positions" shall mean all

20           job positions of all past, present, and future employees of Defendant EMD Serono, Inc. or

21           its predecessors in interest, who have held the job title/classification of Key Account

22           Manager, Neurology Account Manager, Metabolic Account Manager, Reproductive

23           Account Manager, Neurology Specialist, Metabolic Specialist, and Reproductive

24           Specialist, or any predecessor or successor job title/classification for the same positions

25           (collectively, "Covered Positions");

26       3.  For purposes of this Stipulation and Order, the term "Covered Employees" shall mean all

27                                              -2-

28

1   past, present and future employees who have been employed by EMD Serono, Inc. in a

2   Covered Position at any time between the earliest date covered by the first pay date falling

3   after January 8, 2004 through the filing date of this Order;

4   4.   No later than ten (10) days after the filing date of an Order approving this Stipulation,

5   Defendant shall produce to Plaintiff's counsel the names, last-known addresses and

6   telephone numbers of all Covered Employees.  Defendant shall provide this information

7   electronically in Microsoft Excel format or such other electronic format as Plaintiff's

8   counsel may agree to accept.

9   5.   Rust Consulting or another agent agreed to by the parties (the "Mailing Agent") shall mail

10   to all Covered Employees a notice of pendency of conditionally-certified collective action

11   substantially in the form attached hereto as Exhibit A, and a "Consent to Join" form

12   substantially in the form attached hereto as Exhibit B, with specific dates, mailing address,

13   and other information to be inserted where appropriate once ascertained as indicated in

14   these exhibits.  These documents are collectively referred to as the "Notice."

15   6.   Covered Employees shall have sixty (60) days after the date the Notice is mailed to

16   Covered Employees to mail or hand-deliver a completed Consent to Join Form to

17   Plaintiff's Counsel or the Mailing Agent.  Covered Employees who timely mail a

18   completed Consent to Join Form shall be deemed to have joined the conditionally certified

19   collective action within the meaning of 29 U.S.C. §216(b), provided that Plaintiff's

20   counsel files their Consent to Join Forms with this Court as provided in paragraph 8 of

21   this Order.  Timeliness is to be determined by the postmark date in the event of mailing,

22   the date of delivery in the event of hand delivery, or the date of delivery in the event of

23   any other means of delivery (e.g., overnight or other expedited delivery).

24   7.   Covered Employees whose Consents to Join are untimely shall be deemed to have joined

25   the action within the meaning of 29 U.S.C. §216(b) only upon agreement by the parties, or

26   upon order of this Court on good cause shown following notice to, and an opportunity to

27                                         -3-

28

object by, Defendant.  Covered Employees who timely return Consents to Join that have not been properly completed shall have thirty (30) days within which to return a properly completed Consent to Join, and shall be deemed to have joined the action upon their return of a properly-completed Consent to Join form.

8.  Plaintiff's counsel shall file all Consent to Join forms with the Court.  Except for good cause shown, the deadline for Plaintiff's counsel to file Consent to Join forms with this Court shall be the date that is 90 days after the date the Notice is mailed to Covered Employees.

9.  This Stipulation and Order are without prejudice to Plaintiff's right to request that notice of the pendency of this action, and an opportunity to opt in, be provided at a later date to individuals who become employed in Covered Positions after the filing date of this Order.

10. This Stipulation and Order are without prejudice to Plaintiff's right to later request that the FLSA statute of limitations shall be equitably tolled as to all Covered Employees as of January 8, 2007 and continuing through the date by which Plaintiffs' counsel is required to file Consent to Join forms with this Court, as provided in Paragraph 8 of this Stipulation and Order, and are without prejudice to the rights of Defendant to oppose such tolling, to seek decertification of the collective action at the close of discovery and/or to oppose "trial" stage certification, and/or to oppose Rule 23 class certification of any state law class.

DATED: June 29, 2007                          NIXON PEABODY LLP


                                             By:  /s/ _____
                                                  Paul J. Hall
                                                  Sarah M. Wells
                                                  Krista P. Bell
                                                  Attorneys for Defendant
                                                  EMD SERONO, INC.

-4-

JOINT STIPULATION AND [PROPOSED] ORDER
REGARDING CONDITIONAL CERTIFICATION,
AND HOFFMANN NOTICE
CASE NO. C 07 0117 CW

10638053.1

DATED: June 29, 2007                    RUDY, EXELROD & ZIEFF, LLP


                                        By: /s/ _____
                                            Steven G. Zieff
                                            David A. Lowe
                                            Kenneth J. Sugarman
                                            John T. Mullan
                                            Attorneys for Plaintiff
                                            PAUL ENGEL


## ORDER

Having considered the parties stipulation, and good cause appearing therefore, the Court HEREBY ORDERS:

1. Plaintiff's claims for violations of the Fair Labor Standards Act, and Defendant's defenses thereto, are conditionally certified as an FLSA collective action pursuant to 29 U.S.C. §216(b);

2. For purposes of this Order, the term "Covered Positions" shall mean all job positions of all past, present, and future employees of Defendant EMD Serono, Inc. or its predecessors in interest, who have held the job title/classification of Key Account Manager, Neurology Account Manager, Metabolic Account Manager, Reproductive Account Manager, Neurology Specialist, Metabolic Specialist, and Reproductive Specialist, or any predecessor or successor job title/classification for the same positions (collectively, "Covered Positions");

3. For purposes of this Order, the term "Covered Employees" shall mean all past, present and future employees who have been employed by EMD Serono, Inc. in a Covered Position at any time between the earliest date covered by the first pay date falling after January 8, 2004 through the filing date of this Order;

4. No later than ten (10) days after the filing date of this Order, Defendant shall produce to Plaintiff's counsel the names, last-known addresses and telephone numbers of all Covered

-5-

Employees. Defendant shall provide this information electronically in Microsoft Excel format or such other electronic format as Plaintiff's counsel may agree to accept.

5. Rust Consulting or another agent agreed to by the parties (the "Mailing Agent") shall mail to all Covered Employees a notice of pendency of conditionally-certified collective action substantially in the form attached hereto as Exhibit A, and a "Consent to Join" form substantially in the form attached hereto as Exhibit B, with specific dates, mailing address, and other information to be inserted where appropriate once ascertained as indicated in these exhibits. These documents are collectively referred to as the "Notice."

6. Covered Employees shall have sixty (60) days after the date the Notice is mailed to Covered Employees to mail or hand-deliver a completed Consent to Join Form to the Plaintiff's Counsel or the Mailing Agent. Covered Employees who timely mail a completed Consent to Join Form shall be deemed to have joined the conditionally certified collective action within the meaning of 29 U.S.C. §216(b), provided that Plaintiff's counsel files their Consent to Join Forms with this Court as provided in paragraph 8 of this Order. Timeliness is to be determined by the postmark date in the event of mailing, the date of delivery in the event of hand delivery, or the date of delivery in the event of any other means of delivery (e.g., overnight or other expedited delivery).

7. Covered Employees whose Consents to Join are untimely shall be deemed to have joined the action within the meaning of 29 U.S.C. §216(b) only upon agreement by the parties, or upon order of this Court on good cause shown following notice to, and an opportunity to object by, Defendant. Covered Employees who timely return Consents to Join that have not been properly completed shall be given thirty (30) days within which to return a properly completed Consent to Join, and shall be deemed to have joined the action upon their return of a properly-completed Consent to Join form.

8. Plaintiff's counsel shall file all Consent to Join forms with the Court. Except for good cause shown, the deadline for Plaintiff's counsel to file Consent to Join forms with this

-6-

1    Court shall be the date that is ninety (90) days after the date the Notice is mailed to

2    Covered Employees.

3    9.  This Stipulation and Order are without prejudice to Plaintiff's right to request that notice

4        of the pendency of this action, and an opportunity to opt in, be provided at a later date to

5        individuals who become employed in Covered Positions after the filing date of this Order.

6   10.  This Stipulation and Order are without prejudice to Plaintiff's right to later request that the

7        FLSA statute of limitations shall be equitably tolled as to all Covered Employees as of

8        January 8, 2007 and continuing through the date by which Plaintiffs' counsel is required

9        to file Consent to Join forms with this Court, as provided in Paragraph 8 of this

10        Stipulation and Order.  This Stipulation and Order are without prejudice to Defendant's

11        right to oppose any request for equitable tolling.

12   11.  This Stipulation and Order are without prejudice to Defendant's right to seek

13        decertification of the collective action at the close of discovery and/or to oppose "trial"

14        stage certification and/or to oppose Rule 23 class certification of any state law class.

15

16   Dated: _____ 7/12/07        *Claudia Wilken*

17                                    HONORABLE CLAUDIA WILKEN

18                                    JUDGE OF THE UNITED STATES DISTRICT COURT

-7-

# EXHIBIT A

## NOTICE OF COLLECTIVE ACTION LAWSUIT

**TO:**   Present and past employees of EMD Serono, Inc. who hold or have held any time between January 8, 2004 and **[insert date of filing of the Court's order]** the job position titled or classified as Key Account Manager, Neurology Account Manager, Metabolic Account Manager, Reproductive Account Manager, Neurology Specialist, Metabolic Specialist, and Reproductive Specialist, or any predecessor or successor job title/classification for the same positions.

**RE:**   Fair Labor Standards Act Lawsuit Filed Against EMD Serono, Inc.

---

## INTRODUCTION

The purpose of this Notice is to: 1) inform you of the existence of a lawsuit in which you are potentially "similarly situated" to the named Plaintiff; 2) advise you of how your rights may be affected by this lawsuit; and 3) instruct you on the procedure for participating in this lawsuit if you choose to join.

**This Notice and its contents have been authorized by the United States District Court for the Northern District of California.  It is not an expression by the Court of any opinion as to the merits of any claims or defenses asserted by any party to this action. The Court has taken no position in this case regarding the merits of Plaintiff's claims or of Defendant's defenses, and you should not interpret the sending of this notice as any indication of this Court's opinion of the ultimate outcome of this case.**

## DESCRIPTION OF THE LAWSUIT

Plaintiff Paul Engel ("named Plaintiff" or "Plaintiff") has filed this action against EMD Serono on behalf of himself and all other past and present employees who worked in similarly situated positions between January 8, 2004 and **[insert date of filing of the Court's order]**.  According to Plaintiff, EMD Serono treats certain employees as exempt and does not pay them overtime wages when they work more than forty hours a week. Plaintiff alleges that these employees are not exempt and are entitled to overtime pay under the Fair Labor Standards Act (FLSA) for any hours

worked in excess of forty hours per week. Plaintiff contends that they are entitled to recover overtime pay for three years' worth of unpaid overtime because EMD Serono's actions were willful. In addition, Plaintiff claims that they are entitled to an amount of liquidated damages equal to the unpaid overtime wages, and prejudgment interest, attorneys' fees and costs associated with bringing this lawsuit.

EMD Serono's position is that under applicable law, its employees working in Covered Positions (defined below) are correctly classified as exempt employees and are correctly paid on a salary basis regardless of the number of hours they work in a given work week.  Thus, EMD Serono denies that it has failed to pay any overtime as required by law and vigorously contests all claims that have been asserted against it in this lawsuit.

## PROPOSED COMPOSITION OF THE COLLECTIVE ACTION

The named Plaintiff seeks, in his FLSA claim, to sue on behalf of himself and all others similarly situated. Specifically, Plaintiff seeks to sue on behalf of past or present employees who (a) have at any time since January 8, 2004, held the job title/classification of Key Account Manager, Neurology Account Manager, Metabolic Account Manager, Reproductive Account Manager, Neurology Specialist, Metabolic Specialist, and Reproductive Specialist, or any predecessor or successor job title/classification for the same positions (collectively, "Covered Positions"); and (b) did not receive overtime wages for overtime hours worked.  As noted above, EMD Serono's position is that the employees working in Covered Positions are properly classified as "exempt" under the law, and are therefore not entitled to receive overtime compensation as "non-exempt" employees.

## YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT

If you fit the definition above and are interested in joining the FLSA portion of this suit you must sign, date and mail the "Consent To Join" form to:

**[Rust Consulting or another agent agreed to by the parties]**

- 3 -

Your consent form must be postmarked by no later than _____ **[60 days from the date of mailing of the Notice and Consent to Join]**. If you fail to return the "Consent To Join" form by that date, you will not be able to participate in the FLSA portion of this lawsuit.

If you file a "Consent to Join" form, your continued right to participate in this suit will depend upon a later decision by the Court as to whether or not you and the Plaintiff are "similarly situated" in accordance with federal law. Also, the Court will decide whether or not this action may proceed to trial as a collective action on behalf of all employees working in Covered Positions who chose to join this lawsuit, or must be brought as an individual claim by Plaintiff alone.

You are not automatically a party to this FLSA claim, nor are you required to become a party unless you wish to participate in the FLSA claim.

## EFFECT OF JOINING THIS SUIT

If you choose to join in the suit, you will be bound by the decision of the Court, whether it is favorable or unfavorable. If you choose to join in the suit, you may be asked to respond to written questions, sit for depositions and testify in court. The attorneys for the named Plaintiff will be paid, if at all, on a contingent fee basis, which means that if there is no recovery there will be no attorneys' fee. If there is a recovery, the attorneys will receive attorneys' fees as determined by the Court, which may be a portion of any settlement obtained or money judgment entered in favor of Plaintiffs, or which may be ordered by the Court to be separately paid by EMD Serono, or which may be a combination of the two.

If you return the "Consent to Join" form attached to this Notice, you are agreeing to designate the named Plaintiff as your agent to make decisions on your behalf concerning this lawsuit, the method and manner of conducting this lawsuit, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by the named Plaintiff will be binding on you if you join this lawsuit. The Court retains jurisdiction to determine the reasonableness of any settlement with EMD Serono and any agreement concerning the reasonableness of any attorneys' fees and costs that are to be paid to the Plaintiff's counsel.

## LEGAL EFFECT IN NOT JOINING THIS SUIT

If you choose not to join in this suit, you will not be affected by any judgment or settlement rendered in the FLSA portion of this lawsuit, whether favorable or unfavorable to the Plaintiffs. If you choose not to join in this lawsuit, you are free to file your own lawsuit under the FLSA but you are not required to do so.  You should not complete and mail the Consent to Join form if you do not wish to join the lawsuit.

## NO RETALIATION PERMITTED

Federal law prohibits EMD Serono from discharging you or in any other manner discriminating against you because you have exercised your rights under the FLSA to seek compensation.

## YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join this lawsuit and agree to be represented by the named Plaintiff through his attorneys, your counsel in this action will be:

Steven G. Zieff (SBN 84222)
David A. Lowe (SBN 178811)
Kenneth J. Sugarman (SBN 195059)
John Mullan (SBN 221149)
RUDY, EXELROD & ZIEFF, LLP
351 California Street, Suite 700
San Francisco, CA 94104

Jeffrey Lewis (SBN 66587)
Todd F. Jackson (SBN 202598)
Claire Kennedy-Wilkins (SBN 231897)
LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, CA 94612

Charles Joseph
D. Maimon Kirschenbaum
JOSEPH & HERTZFELD, LLP
757 Third Avenue, 25th Floor
New York, NY 10017

Michael Rubin (SBN 80618)
James M. Finberg (SBN 114850)
Eve H. Cervantez (SBN 164709)
Rebekah Evenson (SBN 207825)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108

George R. Kingsley (SBN 38022)
Eric B. Kingsley (SBN 185123)
Darren M. Cohen (SBN 227938)
KINGSLEY & KINGSLEY, APC
16133 Ventura Boulevard, Ste 1200
Encino, CA 91436

Ira Spiro (SBN 67641)
Gregory N. Karasik (SBN 1115834)
SPIRO MOSS BARNESS LLP
11377 W. Olympic Blvd., 5th Floor
Los Angeles, CA  90064-1625

## FURTHER INFORMATION

Further information about this Notice, the deadline for filing a "Consent to Join," or this lawsuit may be obtained by writing, phoning or e-mailing Plaintiff's or Defendant's counsel:

Plaintiff's Counsel
David A. Lowe
John T. Mullan
RUDY, EXELROD & ZIEFF, LLP
351 California Street, Suite 700
San Francisco, CA 94104
(415) 434-9800
dal@reztlaw.com
jtm@reztlaw.com

<u>Defendant's Counsel</u>
Paul J. Hall
Sarah M. Wells
Krista P. Bell
NIXON, PEABODY, LLP
One Embarcadero Center
San Francisco, CA 94111-3996
(415) 984-8200
phall@nixonpeabody.com
swells@nixonpeabody.com
kpbell@nixonpeabody.com

# EXHIBIT B

CONSENT TO JOIN
Engel v. EMD Serono, Inc., C 07-0117

I work or have worked for EMD Serono, Inc. from _____ to
_____ (the "Time Period") as a "Key Account Manger, a
Neurology Account Manager, a Metabolic Account Manager, a
Reproductive Account Manager, a Neurology Specialist, a Metabolic
Specialist, or a Reproductive Specialist, or any predecessor or successor job
title/classification for the same positions." (Please circle all appropriate
titles you held during the Time Period.)

I want to join the lawsuit alleging that EMD Serono has violated the Fair
Labor Standards Act ("FLSA"). I understand that this lawsuit seeks unpaid
overtime wages that may be owed to me, and that by joining the lawsuit I
will become part of the collective action. I further understand that I have the
right to choose other counsel to pursue my claims on my own behalf. I
choose to be represented in this matter by Rudy, Exelrod & Zieff, LLP;
Altshuler Berzon LLP; Lewis, Feinberg, Lee, Renaker & Jackson, P.C.;
Kingsley & Kingsley, APC; Joseph & Herzfeld LLP; and Spiro Moss
Barness LLP; and other attorneys with whom they may associate.  I
understand that the attorneys are required to act in the best interests of the
collective action members as a whole rather than in the particular interest of
any collective action member whom they represent, and hereby waive any
conflict that may arise from the attorneys' representation of multiple
collective action members. I also understand that by consenting to join the
lawsuit, I am designating Paul Engel to make decisions on my behalf
regarding the lawsuit.

Printed Name: _____
Other Name Used: _____
Address: _____
City, State and Zip: _____
Telephone Number: _____
Signature: _____
Date signed: _____