Steven G. Zieff (SBN 84222)
David A. Lowe (SBN 178811)
Kenneth J. Sugarman (SBN 195059)
John T. Mullan (SBN 221149)
RUDY, EXELROD & ZIEFF, LLP
351 California Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 434-9800
Facsimile: (415) 434 0513
sgz@rezlaw.com
dal@rezlaw.com
kjs@rezlaw.com
jtm@rezlaw.com

*Additional Attorneys for Plaintiffs
and the Proposed Class on Signature Page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| PAUL ENGEL, on behalf of himself and all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>EMD SERONO, INC.<br><br>  Defendant. | Case No. CV 07-00117-CW<br><br>**CLASS COUNSEL'S NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS AND EXPENSES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: May 8, 2008<br>Time: 2:00 p.m.<br>Court: Courtroom 2, 4th Floor<br>Judge: Hon. Claudia Wilken |

## NOTICE OF MOTION AND MOTION

NOTICE IS HEREBY GIVEN that on May 8, 2008, at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 2 of the above-entitled court, located on the 4th Floor at Ronald V. Dellums Federal Building, 1301 Clay Street, Oakland, California, Class Counsel will move the Court for an award of attorneys' fees of $425,000 and reimbursement of litigation costs and expenses in an amount of up to $25,000.

This motion is based upon this Notice of Motion and Motion; the Stipulation of Settlement and Release preliminarily approved by the Court on January 25, 2008; the Order Granting Motion for Preliminary Approval of Class Action Settlement and Class Certification; and the Declarations of David A. Lowe and Caryn Donly filed herewith in support of this Motion, and all other papers filed in this action; and upon such other documentary and oral evidence or argument as may be presented to the Court at the hearing of this Motion.

Respectfully submitted,

Dated: April 3, 2008                By:   /s/  *John T. Mullan*
                                           Attorneys for Plaintiffs

Steven G. Zieff (SBN 84222)
David A. Lowe (SBN 178811)
Kenneth J. Sugarman (SBN 195059)
John T. Mullan (SBN 221149)
RUDY, EXELROD & ZIEFF, LLP
351 California Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 434-9800
Facsimile: (415) 434 0513
sgz@rezlaw.com
dal@rezlaw.com
kjs@rezlaw.com
jtm@rezlaw.com

*Additional Attorneys for Plaintiffs
and the Proposed Class on Signature Page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| PAUL ENGEL, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>EMD SERONO, INC.<br><br>        Defendant. | Case No. CV 07-00117-CW<br><br>**CLASS COUNSEL'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CLASS COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS AND EXPENSES**<br><br>Date: May 8, 2008<br>Time: 2:00 p.m.<br>Court: Courtroom 2, 4th Floor<br>Judge: Hon. Claudia Wilken |

# **TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................................................. 1

II.    BACKGROUND ................................................................................................................... 1

III.   ARGUMENT ........................................................................................................................ 4

        A.     Counsel Are Entitled To an Award of Attorneys' Fees Out of the Common Fund ............................................................................... 4

        1.     The Equitable Common Fund Doctrine Applies When, as in this Case, the Litigation has Recovered a Certain and Calculable Fund on Behalf of a Group of Beneficiaries ............................ 4

        B.     The Fee Award Should Be Calculated As a Percentage of the Common Fund ............................................................................... 5

        C.     The Requested Fee Award Meets the 25 Percent Benchmark Established by the Ninth Circuit ........................................... 7

        D.     The Requested Fee Award is Fair and Reasonable ................................. 8

        E.     Class Counsel is Entitled to Recover Costs............................................. 9

IV.    CONCLUSION ................................................................................................................... 10

LAW OFFICES OF
RUDY, EXELROD & ZIEFF, L.L.P.
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104
(415) 434-9800

# TABLE OF AUTHORITIES

## CASES

*Bank of America v. Cory*,
　164 Cal.App.3d 66 (Cal. Ct. App. 1985) .................................................................................. 5

*Beech Cinema, Inc. v. Twentieth-Century Fox Film Corp.*,
　480 F.Supp. 1195 (S.D.N.Y. 1979) ........................................................................................ 7

*Blum v. Stenson*,
　465 U.S. 886 (1984) ........................................................................................................ 1, 4, 5

*Boeing Co. v. Van Gemert*,
　444 U.S. 472 (1980) ................................................................................................................ 5

*Central R.R. & Banking Co. v. Pettus*,
　113 U.S. 116 (1885) ................................................................................................................ 5

*Chemical Bank v. City of Seattle (In re Washington Public Power Supply Sec. Litigation)*,
　19 F.3d 1291 (9th Cir. 1994) .................................................................................................. 1

*Class Plaintiffs v. City of Seattle*,
　955 F.2d 1268 (9th Cir. 1992) ................................................................................................ 9

*Class Plaintiffs v. Jaffe & Schlesinger, P.A.*,
　19 F.3d 1306 (9th Cir. 1994) .................................................................................................. 4

*In re Continental Illinois Sec. Litigation*,
　962 F.2d 566 (7th Cir. 1992) .................................................................................................. 6

*Gerlach v. Wells Fargo & Co.*,
　2007 WL. 163189 (N.D. Cal. Jan. 19, 2007) .................................................................. 5, 6, 7

*Glendale City Employees' Association, Inc. v. City of Glendale*,
　15 Cal. 3d 328 (Cal. 1975) ..................................................................................................... 6

*Guam Society of Obstetricians & Gynecologists v. Ada*,
　100 F.3d 691 (9th Cir. 1996) .................................................................................................. 8

*Harris v. Marhoefer*,
　24 F.3d 16 (9th Cir. 1994) ...................................................................................................... 9

*In re Activision Securities Litigation*,
　723 F.Supp. 1373 (N.D. Cal. 1989) ........................................................................................ 7

*Leonard v. Baumer (In re United Energy Corp. Sec. Litigation)*,
　1989 WL. 73211 (C.D. Cal. March 9, 1989) .......................................................................... 9

LAW OFFICES OF
RUDY, EXELROD & ZIEFF, L.L.P.
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104
(415) 434-9800

LAW OFFICES OF
RUDY, EXELROD & ZIEFF, L.L.P.
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104
(415) 434-9800

*Morganstein v. Esber*,
    768 F.Supp. 725 (C.D. Cal. 1991) ................................................................................. 6, 7

*Officers for Justice v. Civil Serv. Commission*,
    688 F.2d 615 (9th Cir. 1982) ............................................................................................ 9

*In re Pacific Enterprises Sec. Litigation*,
    47 F.3d 373 (9th Cir. 1995) .............................................................................................. 7

*Paul, Johnson, Alston & Hunt v. Graulty*,
    886 F.2d 268 (9th Cir. 1989) ................................................................................ 1, 4, 6, 7

*Seinfeld v. Robinson*,
    246 A.D.2d 291 (N.Y. App. Div. 1998) ............................................................................ 5

*Serrano v. Priest*,
    20 Cal. 3d 25 (Cal. 1977) .................................................................................................. 5

*Six Mexican Workers v. Arizona Citrus Growers*,
    904 F.2d 1301 (9th Cir. 1990) .................................................................................. 1, 5, 7

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ............................................................................................ 5

*Swedish Hospital Corp. v. Shalala*,
    1 F.3d 1261 (D.C. Cir. 1993) ........................................................................................ 6, 7

*Van Gemert v. Boeing Co.*,
    516 F.Supp. 412 (S.D.N.Y. 1981) ..................................................................................... 7

*Van Vranken v. Atlantic Richfield Co.*,
    901 F.Supp. 294 (N.D. Cal. 1995) .................................................................................... 8

*Vincent v. Hughes Air West. Inc.*,
    557 F.2d 759 (9th Cir. 1977) ......................................................................................... 4, 9

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002) ...................................................................................... 1, 7

*York Insurance Group of Maine v. Van Hall*,
    704 A.2d 366 (Me. 1977) ................................................................................................. 5

**STATUTES**

42 U.S.C. § 1988 ........................................................................................................................ 8
§ 17200 ....................................................................................................................................... 2

## OTHER AUTHORITIES

Newberg, *Attorney Fee Awards,* § 2.19 (1987) .................................................................................. 9

## I.  INTRODUCTION

Having secured a $1.7 million settlement on behalf of the Plaintiff Class, Plaintiffs' counsel now seek an attorneys' fee award of $425,000, which represents 25 percent of the Settlement Fund, this Circuit's benchmark for awards from the common fund. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002), *cert. denied*, 537 U.S. 1018 (2002); *Chemical Bank v. City of Seattle (In re Washington Public Power Supply Sec. Litig.*), 19 F.3d 1291, 1297 (9th Cir. 1994); *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989); and *Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). The requested award is fair, reasonable, and appropriate under the common fund doctrine. *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984).

Plaintiffs' counsel also seek reimbursement of litigation costs and expenses in the amount of $18,136.06, and approval of additional costs and expenses incurred until the date the settlement has been finally administered, not to exceed a total of $25,000.[1] The costs were all incurred in connection with the prosecution of the action and the execution of the settlement and are reasonable and proper.

None of the approximately 50 Class Members have objected to Class Counsel's requests for attorneys' fees or reimbursement of costs and expenses. Declaration of Caryn Donly ("Donly Decl.") at ¶ 12; Declaration of David A. Lowe ("Lowe Decl.") at ¶¶ 23 & 39.

## II.  BACKGROUND

The law firms of Rudy, Exelrod & Zieff, LLP; Altshuler Berzon LLP; Lewis, Feinberg, Lee, Renaker & Jackson, P.C.; Kingsley & Kingsley, APC; Joseph & Herzfeld LLP; and Spiro Moss Barness, LLP are Class Counsel in this case. Their efforts on behalf of current and former Pharmaceutical Representatives, employed by Defendant EMD Serono, Inc. in the position "Key

---

[1] The costs to date are based on the firm's records through March 31, 2008 for Rudy, Exelrod & Zieff; March 27, 2008 for Lewis, Feinberg, Lee, Renaker & Jackson; March 27, 2008 for Altshuler Berzon; and March 27, 2008 for Kingsley & Kingsley. Declaration of David A. Lowe ("Lowe Decl.") at ¶ 37.

1

Account Manager" ("KAM") or any predecessor or successor job title/classification for the same position[2] ("the Class") resulted in a $1.7 million settlement for the benefit of the Class.

Plaintiff brings this case on behalf of himself, the 13 other FLSA Collective Action Class members, and all individuals who worked for EMD Serono and who held the title KAM who are or were California residents and who worked for EMD Serono in California at any time from January 8, 2003 to the present. The First Amended Complaint asserts claims for violations of the FLSA, California's Unfair Competition Law, Business and Professions Code Section 17200 *et seq.* ("UCL"), and various wage and hour laws of California. The gravamen of Plaintiffs' complaint is that EMD Serono unlawfully misclassified them as exempt from overtime laws and therefore owes them unpaid premium overtime wages for all overtime hours worked and other damages.

On January 8, 2007, plaintiff Paul Engel filed a complaint in this Court on behalf of himself and all past, present, and future employees of Serono International S.A, or its predecessors in interest, who held the job title/classification of Account Manager, Neurology Account Manager, Metabolic Account Manager, Reproductive Account Manager, Neurology Specialist, Metabolic Specialist, and Reproductive Specialist, or any predecessor or successor job title/classification for the same positions for the prior three years (for the FLSA) and four years (for California residents), alleging FLSA overtime violations and violations of the California wage and hour laws and of the UCL.[3] The Complaint was subsequently amended in early April 2007 to substitute EMD Serono as a defendant in place of Serono International S.A. EMD Serono filed its Answer to the First Amended Complaint on April 26, 2007, in which it denied liability and asserted an affirmative defense that class members are exempt from any and all

---

[2] The complete and agreed upon definition of KAM is set forth in the definitions section of the Stipulation of Settlement and Release ("Agreement") attached as Exhibit 1 to the Proposed Order Finally Approving Class Action Settlement filed herewith. Unless otherwise specified, capitalized and defined terms used in this motion have the same meaning as in the Agreement, and in the event of any conflict between the terms of this motion and the Agreement, the terms of the Agreement shall control.

[3] In connection with the Parties' stipulation regarding conditional certification of the FLSA collective action claim, these positions were determined to be subsumed by the "Key Account Manager" title.

overtime requirements under the FLSA and California Labor Law, in addition to other defenses. EMD Serono continues to deny any liability or wrongdoing of any kind associated with the claims alleged in this case, and further contends, among other things, that it has complied with the FLSA, the California state wage and hour laws, and the UCL.

Class Counsel has conducted a thorough investigation into the facts of this action, and has diligently pursued an investigation of Plaintiff's and the Class' claims against EMD Serono. Lowe Decl. at ¶ 19. As part of its initial disclosures and pursuant to informal discovery, EMD Serono provided, and Class Counsel reviewed, several thousand pages of documents related to the claims asserted on behalf of the putative class. *Id*. EMD Serono also produced contact information and payroll data, which allowed Class Counsel to interview numerous putative class members regarding the facts of the case and to analyze salary, position worked, and dates of hire and termination information for putative class members. *Id.*

In sum, Class Counsel spent hundreds of hours vigorously investigating the claims asserted against EMD Serono. Specifically, as of the end of March, 2008, Class Counsel have spent approximately 640 hours in this litigation, including paralegal and law clerk time, for a total lodestar of $272,324.25. Lowe Decl. at ¶ 35, Exh. 1.

After two days of mediation, conducted on October 9 and 10, 2007 by an experienced mediator, the Honorable Edward R. Infante (Magistrate Judge, Retired), together with continuing discussions and arms-length negotiations thereafter, this Settlement was reached by and among the parties. While agreement in principle was reached on October 10, 2007, the post-mediation discussions regarding the terms of this very complex settlement agreement were extensive and protracted. Numerous additional hours were spent on negotiating these terms. Lowe Decl. at ¶¶ 20 & 21.

Following Plaintiffs' Motion for Preliminary Approval, filed on December 19, 2007, this Court issued an order preliminarily approving the proposed settlement, certifying a California class; approving the form of notice, and setting a schedule for the final approval process. Notice of Class Counsel's intent to request an award of attorneys' fees in an amount not to exceed 25%

3

of the Settlement Payment plus reimbursement of their costs and expenses was provided to the Class through the Notice of Proposed Class Action Settlement and Release. Donly Decl. at ¶¶ 9 & 10. No Class Members have so far objected to the requested award of attorneys' fees or reimbursement of costs, or indeed to any part of the Settlement.[4] *Id.* at ¶ 12; Lowe Decl. at ¶¶ 23 & 39.

## III. ARGUMENT

"[A] private plaintiff, or his attorney, whose efforts create, discover, increase or preserve a fund to which others also have a claim is entitled to recover from the fund the costs of his litigation, including attorneys fees." *Vincent v. Hughes Air West. Inc*. 557 F.2d 759, 769 (9th Cir. 1977); *see also Class Plaintiffs v. Jaffe & Schlesinger, P.A.*, 19 F.3d 1306, 1308 (9th Cir. 1994). The traditional method for calculating a fee award in common fund cases is to award counsel a percentage of the total fund. *See Blum*, 465 U.S. at 900 n.16.

In the Ninth Circuit, 25 percent of the common fund is the "benchmark" for an attorneys' fees award. *See Paul, Johnson, Alston & Hunt*, 886 F.2d at 272. Here, the requested award of $425,000 meets the Ninth Circuit's benchmark for an award of attorneys' fees under the percentage of the common fund method. Additionally, reimbursement of litigation costs in the amount of $18,136.06, incurred to date in pursuing this matter, and the reimbursement of future costs incurred until the date the settlement is finally administered, not to exceed a total of $25,000, is more than reasonable.

### A. Counsel Are Entitled To an Award of Attorneys' Fees Out of the Common Fund

#### 1. The Equitable Common Fund Doctrine Applies When, as in this Case, the Litigation has Recovered a Certain and Calculable Fund on Behalf of a Group of Beneficiaries

For well over a century, federal and state courts have recognized that when counsel's efforts result in the creation of a common fund that benefits plaintiffs and unnamed class

---

[4] Objections to any portion of the Settlement Agreement must be post-marked no later than April 23, 2008. In the event that any timely postmarked objections are received by Class Counsel after the present motion has been filed, Plaintiffs will respond to them comprehensively in their Reply brief, which will be filed pursuant to the schedule set forth in the Court's order preliminarily approving the settlement.

4

members, counsel have an equitable right to be compensated from that fund as a whole for their successful efforts in creating it. *See, e.g., Boeing Co. v . Van Gemert*, 444 U.S. 472, 478 (1980) (the United States Supreme Court "has recognized consistently that a litigant or a lawyer who recovers a common fund … is entitled to a reasonable attorney's fee from the fund as a whole"); *Central R.R. & Banking Co. v. Pettus*, 113 U.S. 116 (1885) (recognizing common fund doctrines); *Staton v. Boeing Co.*, 327 F.3d 938, 967 (9th Cir. 2003) (same). *See also Serrano v. Priest*, 20 Cal.3d 25, 35 (Cal. 1977); *York Ins. Group of Maine v. Van Hall,* 704 A.2d 366, 368 (Me. 1977); *Seinfeld v. Robinson* 246 A.D. 2d 291, 294 (N.Y. App. Div. 1998).

The common fund doctrine rests on the understanding that attorneys should normally be paid by their clients, and that unless attorneys' fees are paid out of the common fund where the attorneys' unnamed class member "clients" have no express retainer agreement, those who benefited from the fund without contributing to those who created it would be unjustly enriched. *Boeing*, 444 U.S. at 478.

This litigation has resulted in a Settlement Fund of $1,700,000 to be distributed to the FLSA Collective Action Class members, and all individuals who worked for EMD Serono and who held the title KAM who are or were California residents and who worked for EMD Serono in California at any time from January 8, 2003 to the present. Because *none* of these individuals have paid Plaintiffs' counsel fees for their efforts during the litigation, equity requires them to pay a fair and reasonable fee, based on what the market would traditionally require, no less than if they had hired private counsel to litigate their cases individually. *See Boeing*, 444 U.S. at 479-481. *See also Gerlach v. Wells Fargo & Co.*, Slip Copy, 2007 WL 163189, *1 (N.D. Cal. Jan. 19, 2007); *Bank of America v. Cory*, 164 Cal.App.3d 66, 90-91 (Cal. Ct. App. 1985); *York Ins. Group of Maine*, 704 A.2d at 368; *Seinfeld*, 246 A.D. 2d at 294.

**B.     The Fee Award Should Be Calculated As a Percentage of the Common Fund**

The courts have endorsed the method of awarding a percentage of the total fund as a fair way to calculate a reasonable fee when contingency fee litigation has produced a common fund. *See, e.g., Blum*, 465 U.S. at 900 n.16; *Six Mexican Workers*, 904 F.2d at 1311 (common fund fee

5

is generally "calculated as a percentage of the recovery"); *Paul, Johnson, Alston & Hunt,* 886 F.2d at 272; *Gerlach v. Wells Fargo & Co.*, Slip Copy, 2007 WL 163189, *1 (N.D. Cal. Jan. 19, 2007); *Morganstein v. Esber*, 768 F.Supp. 725, 728 (C.D. Cal. 1991); *Glendale City Employees' Ass'n, Inc. v. City of Glendale*, 15 Cal.3d 328, 341 n.19 (Cal. 1975).

The percentage of the fund method is appropriate for a number of well-recognized reasons. One of the most important reasons is that the percentage method accomplishes fee spreading in a manner that comports with the legal marketplace, where counsel's success is frequently measured in terms of the results counsel has achieved. *See Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261, 1269 (D.C. Cir. 1993) (in common fund cases "the monetary amount of the victory is often the true measure of [counsel's] success"). By assessing the amount of the fee in terms of the amount of the benefit conferred on the class, the percentage method "more accurately reflects the economics of litigation practice" which, "given the uncertainties and hazards of litigation, must necessarily be result-oriented." *Id*. (Internal quotation marks and citation omitted).

Further, when clients do not pay an ongoing hourly fee to their counsel, they typically negotiate an agreement in which counsel's fee is based upon a percentage of any recovery. The percentage of the fund approach mirrors this aspect of the market and, accordingly, reflects the fee that would have been negotiated by the class members in advance, had such negotiations been feasible, given the prospective uncertainties and anticipated risks and burdens of the litigation. *See, e.g., Paul, Johnson, Alston & Hunt*, 886 F.2d at 271 ("it is well settled that the lawyer who creates a common fund is allowed an extra reward, beyond that which he has arranged with his client, so that he might share the wealth of those upon whom he has conferred a benefit"); *In re Continental Illinois Sec. Litig.*, 962 F.2d 566, 572 (7th Cir. 1992) (in a common fund case, the object "is to give the lawyer what he would have gotten in the way of a fee in an arm's length negotiation, had one been feasible").

///

///

This market-based percentage approach to common fund fee awards has other benefits and advantages as well. Because the percentage approach mimics the market, it helps provide highly qualified attorneys the necessary incentive to bring large, complex class actions, even though by definition it is impossible in such cases to negotiate a fee with the unnamed class members in advance. Basing the common fund fee award on a percentage of the fund also encourages counsel to spend their time efficiently and to focus on maximizing the size of the class' recovery, rather than their own lodestar hours. *Swedish Hospital*, 1 F.3d at 1269. Finally, the percentage method is far easier for courts to calculate than any alternative method. *Id*; *In re Activision Sec. Litig.*, 723 F.Supp. 1373, 1378 (N.D. Cal. 1989).

In light of these benefits, courts have resoundingly approved the percentage of the fund method for calculating a reasonable fee award in common fund cases. In this case, the award of counsels' common fund fees should be assessed as a percentage of the total fund that will be distributed to the class.

### C.  The Requested Fee Award Meets the 25 Percent Benchmark Established by the Ninth Circuit

In determining what constitutes a fair and reasonable percentage of a settlement fund for purposes of calculating common fund fees, the Ninth Circuit has stated that courts look to a "benchmark" percentage of 25 percent of the total fund. *Paul, Johnson, Alston & Hunt*, 886 F.2d at 272; *Vizcaino*, 290 F.3d at 1047; *Six Mexican Workers*, 904 F.2d at 1311; *Gerlach*, 2007 WL 163189, *1; *Morganstein*, 768 F.Supp. at 728 ("[a]s stated, *Paul, Johnson* establishes 25 percent as the benchmark for common fund cases").[5]

---

[5] In approving an award of 28 percent of the $96,885,000 settlement fund, the *Vizcaino* court surveyed attorneys' fees awards in so-called "megafund" cases -- that is, common fund settlements of $50-200 million -- found in the Westlaw ALLCASES database and Class Action Reports' attorneys' fees section from Jan. 1, 1996 through Dec. 31, 2001. *Vizcaino*, 290 F.3d at 1046 n.1, & Appendix. Even where the common funds fell into this megafund range, the *Vizcaino* court noted that a majority of fee awards were "clustered in the 20-30 percent range." *Id.* at 1050 n.4, & Appendix. In common fund settlements of less than $50 million, such as this one, courts have awarded a higher percentage of the common fund as attorneys' fees. *See, e.g., In re Pacific Enterprises Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (affirming an award equal to 33 percent of the common fund); *In re Activision Sec. Litig.*, 723 F.Supp. at 1375 (awarding plaintiffs' counsel 32.8 percent of the common fund created to settle the litigation); *In re Ampicillin Antitrust Litig.*, 526 F.Supp. 494, 498 (D.D.C. 1981) (awarding 45 percent of $7.3 million settlement fund); *Beech Cinema, Inc. v. Twentieth-Century Fox Film Corp.*, 480 F.Supp.

7

### D. The Requested Fee Award is Fair and Reasonable

The requested 25 percent common fund award is justified by the financial risks undertaken by Plaintiffs' counsel in this litigation. Counsel accepted and litigated this class action solely on a contingency fee basis. Counsel has received no compensation for the outlay of attorney time, nor for any of the considerable expenses incurred. Moreover, there has never been any guarantee that counsel would be reimbursed for the costs, or paid for their time. No matter how many hours put in, no matter how burdensome the litigation, there would be no payment unless Plaintiffs prevailed.

The fairness of this fee award is further supported by the high quality of Plaintiffs' counsel's legal representation. The efforts expended by Class Counsel in this case are described above and are extensively described in the Declaration of David A. Lowe. As Mr. Lowe's declaration reflects, Plaintiffs' counsel's diligent, efficient, and creative pursuit of this matter positioned Plaintiffs to successfully settle this case for $1.7 million, and so afford redress to the entire Class, and avoid the inevitable expense and risk attendant to protracted litigation. Lowe Decl. at ¶¶ 18-24. Indeed, Class Counsel have spent approximately 640 hours in this litigation, including paralegal and law clerk time, for a collective lodestar of $272,324.25.[6] *Id.* at ¶ 35.

Finally, the requested amount of attorneys' fees was stated explicitly in the Notice of Proposed Class Action Settlement and Settlement Hearing. Class Members have until April 23, 2008 to object to Class Counsels' request for fees and costs. To date, no objections to either the percentage of the common fund sought as attorneys' fees or to the award of costs sought by Class Counsel have been received by Counsel. Donly Decl. at ¶ 12; Lowe Decl. at ¶¶ 23 & 39. Indeed, no class member has objected to any aspect of the settlement agreement, and no-one has opt-out

---

1195, 1199 (S.D.N.Y. 1979), *aff'd* 622F.2d 1106 (2nd Cir. 1980) (approximately 53 percent of settlement fund awarded); *Van Gemert v. Boeing Co.*, 516 F.Supp. 412, 420 (S.D.N.Y. 1981); *see also* Lowe Decl. at ¶¶ 6-14.

[6] For purposes of a lodestar cross-check, the requested fees represent the lodestar plus a modest multiplier of approximately 1.5. This is consistent with this Circuit's lodestar plus multiplier fees methodology. *See, e.g., Van Vranken v. Atl. Richfield Co.*, 901 F.Supp. 294, 298 (N.D. Cal. 1995) (noting that multipliers in the 3-4 range are common in class action lodestar awards); *Guam Soc'y of Obstetricians & Gynecologists v. Ada*, 100 F.3d 691, 697-99 (9th Cir. 1996) (affirming 2.0 multiplier under 42 U.S.C. § 1988). Class Counsel can provide the Court with detailed billing records should the Court desire to review such records.

8

LAW OFFICES OF
RUDY, EXELROD & ZIEFF, L.L.P.
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104
(415) 434-9800

of the class action settlement. Donly Decl. at ¶¶ 11 & 12; Lowe Decl. at ¶¶ 23 & 39. The absence of any objections to the fees and costs requested supports the conclusion that the requested award is fair, adequate, and reasonable. *See generally Class Plaintiffs v. City of Seattle*, 955 F.2d 1268 (9th Cir. 1992) (affirming district court's order approving settlement agreement and allocation plan over objections by several groups of bondholders); *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615 (9th Cir. 1982) (affirming district court's order approving consent decree over objections by a class representative).

### E. Class Counsel is Entitled to Recover Costs

Class Counsel is requesting that they also be reimbursed from the fund for out-of-pocket expenses they incurred during this litigation. Reimbursement for these expenses from the common fund is appropriate for the same reasons attorneys' fees should be paid out of the fund: all beneficiaries should bear their fair share of the costs of the litigation, and these are the normal costs of litigation that counsel traditionally bill their paying clients. *See e.g., Leonard v. Baumer* (*In re United Energy Corp. Sec. Litig.*), 1989 WL 73211 *6 (C.D. Cal. March 9,1989) *quoting* Newberg, *Attorney Fee Awards,* § 2.19 (1987); *see also Vincent*, 557 F.2d at 769 ("[t]hat is, the doctrine is designed to spread litigation costs proportionately among all the beneficiaries so that the active beneficiary does not bear the entire burden alone and the "stranger" beneficiaries do not receive their benefits at no cost to themselves"). Furthermore, attorneys may be reimbursed for reasonable out-of-pocket expenses that were "incidental and necessary to the representation of those clients." *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994).

As of March 31, 2008, Class Counsel have incurred approximately $18,136.06 in litigation costs and expenses and will incur additional costs through the conclusion of this matter. Lowe Decl. at ¶¶ 37 & 38. These costs include costs associated with providing notice to the putative FLSA collective action members of the pending FLSA collective action, mediation, photocopying, telephone conference calls and mailing expenses, and other reasonable litigation-related costs. Lowe Decl. at ¶ 37, Exh. 2. It is well established that counsel for a prevailing party are entitled to be compensated for the reasonable costs incurred in litigation. All costs incurred

here were necessary to the prosecution of this litigation and would normally have been billed to a client paying for counsel's services on a regular basis.  These costs are quite reasonable for a case of this duration and complexity and should be compensated in full.

## IV.   CONCLUSION

Given the favorable response by the Class to the settlement of this action, and the lack of any objections by Class Members after having been informed that Class Counsel was seeking attorneys fees of $425,000 and reimbursement for costs, Class Counsel respectfully request that the Court issue an order finally determining and approving the payment of $425,000 as reasonable attorneys' fees and the payment of up to $25,000 as reasonable costs.

Respectfully submitted,

Dated: April 3, 2008

By:   /s/ *John T. Mullan*
       Attorneys for Plaintiffs

Steven G. Zieff (SBN 84222)
David A. Lowe (SBN 178811)
Kenneth J. Sugarman (SBN 195059)
John T. Mullan (SBN 221149)
RUDY, EXELROD & ZIEFF, LLP
351 California Street, Suite 700
San Francisco, CA  94104
Telephone:  (415) 434-9800
Facsimile:  (415) 434 0513

Michael Rubin (SBN 80618)
Eve H. Cervantez (SBN 164709)
James M. Finberg (SBN 114850)
Rebekah Evenson (SBN 207825)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA  94108
Telephone:  (415) 421-7151
Facsimile:  (415) 362-8064

Jeffrey Lewis (SBN 66587)
Todd F. Jackson (SBN 202598)
LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, CA  94612
Telephone:  (510) 839-6824
Facsimile:  (510) 839-7839

Ira Spiro (SBN 67641)
Gregory N. Karasik (SBN 115834)
SPIRO MOSS BARNESS LLP
11377 W. Olympic Blvd., 5th Floor
Los Angeles, CA  90064
Telephone:  (310) 235-2468
Facsimile:  (310) 235-2456

Charles Joseph
D. Maimon Kirschenbaum
JOSEPH & HERZFELD LLP
757 Third Avenue, 25th Floor
New York, NY 10017
Telephone:  (212) 688-2548
Facsimile:  (212) 937-2484

George R. Kingsley (SBN 38022)
Eric B. Kingsley (SBN 185123)
Darren M. Cohen (SBN 227938)
KINGSLEY & KINGSLEY, APC
16133 Ventura Boulevard, Ste 1200
Encino, CA 91436
Telephone:  (818) 990-8300
Facsimile:  (818) 990-2903

LAW OFFICES OF
RUDY, EXELROD & ZIEFF, L.L.P.
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA  94104
(415) 434-9800